# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 26, 2018

```
* * * * * * * * * * * *
TERESA POLZIN,                  *
                                *
        Petitioner,             *       No. 16-598V
                                *
v.                              *       Special Master Gowen
                                *
SECRETARY OF HEALTH             *       Attorneys' Fees and Costs;
AND HUMAN SERVICES,             *       Interim; Expert Rates.
                                *
        Respondent.             *
                                *
* * * * * * * * * * * *
```

<u>Carol L. Gallagher,</u> Carol L. Gallagher, Esquire LLC, Linwood, New Jersey, for petitioner.
<u>Claudia B. Gangi,</u> United States Department of Justice, Washington, DC, for respondent.

### **DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On May 20, 2016, Teresa Polzin ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Vaccine Act" or "Vaccine Program").[2] Petitioner alleged that she suffered from Guillain Barre Syndrome ("GBS") and ascending paralysis as a result of receiving the TDaP/Boostrix vaccine on July 14, 2014. Petition at Preamble, ECF No. 1. Petitioner has to date filed three expert reports from Dr. Sami Khella in support of her claim. ECF Nos. 18, 25, & 30.

On June 14, 2018, petitioner filed a motion for interim attorneys' fees and costs. Petitioner's Motion ("Pet. Mot."), ECF No. 42. Petitioner requested $70,835.15 as reimbursement

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

for attorneys' fees and $13,964.29 as reimbursement for costs. Pet. Mot. at 6. Thus, petitioner's total interim fees and costs request is $84,799.44. *Id.*

On June 28, 2018, respondent filed a response to petitioner's motion. Respondent's Response, ECF No. 43. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 2. Further, respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim costs award," but he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On July 3, 2018, petitioner filed a reply to Respondent's Response. Petitioner's Reply, ECF No. 44. Petitioner "respectfully requests the special master find petitioner's fees, to date, are reasonable and comport with her years of experience." *Id.* at 2.

This matter is now ripe for adjudication.

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that petitioners brought their petition in good faith and with a reasonable basis. § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. *Avera*, 515 F.3d at 1348.

In *Avera,* the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

The present case has been pending before the Program since 2016 and petitioner has since submitted three expert reports in support of her claim. In addition, the hearing in this matter is scheduled for July 14-15, 2020, almost two years from now. Due to the protracted nature of this matter and the costs for the retention and payment of her expert, petitioner is experiencing a hardship. Pet. Mot. at 2. I find that the petition was brought in good faith and there exists a reasonable basis for the claim. Petitioner is thus entitled to a reasonable award of interim fees and costs.

The requested hourly rates for petitioner's counsel are consistent with the ranges provided in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), and the Office of Special Masters Fee Schedules for the appropriate

years.[3]  Petitioner's counsel has been awarded the requested rates in previous cases in the Program. *See Ploughe v. Sec'y of Health & Human Servs.*, No. 14-626V, 2018 WL --------, (Fed. Cl. Spec. Mstr. Apr. 24, 2018); *DeVingo v. Sec'y of Health & Human Servs.*, No. 17-154V, 2018 WL --------, (Fed. Cl. Spec. Mstr. June 12, 2018).  I also find these rates to be reasonable and award them in full.

I have reviewed Dr. Khella's invoices submitted with petitioner's motion.  The billing entries reflect the nature of each task performed and the amount of time expended.  Pet. Mot., Exhibit C at 6.  However, Dr. Khella billed at a rate of $650.00 per hour, a rate that is higher than is typically awarded in this Program.  I and other special masters have previously denied this same requested increase to Dr. Khella's hourly rate and established his rate at $500.00 per hour.  *See Johnson v. Sec'y of Health & Human Servs.*, No. 15-447V, 2017 WL 2811126 (Fed. Cl. Spec. Mstr. July 31, 2017); *Hall v. Sec'y of Health & Human Servs.*, No. 16-681V, 2017 WL 6949679 (Fed. Cl. Spec. Mstr. Dec. 15, 2017).  Thus, I will again reduce Dr. Khella's rate to $500.00 per hour, **resulting in a reduction of $3,524.50**.

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**.  I find that she is entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $70,835.15 |
| **Attorneys' Fees Awarded:** | **$70,835.15** |
| | |
| Attorneys' Costs Requested: | $13,964.29 |
| Reductions: | $3,524.50 |
| **Attorneys' Costs Awarded:** | **$10,439.79** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$81,274.94** |

In accordance with the foregoing, petitioner's interim motion for attorneys' fees and costs is **GRANTED**.  Accordingly, I award the following:

1) **A lump sum in the amount of $81,274.94, representing reimbursement for petitioner's interim attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Carol Gallagher, of Carol L. Gallagher, Esquire, LLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

   **IT IS SO ORDERED.**

---

[3] *See OSM Attorneys Forum Hourly Rate Fee Schedules*, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed January 26, 2018).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

                         **s/Thomas L. Gowen**
                         Thomas L. Gowen
                         Special Master